



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN RAYVAN JOHNSON, ) | Case No. CV 12-6620-DDP (JPR) |
| Petitioner, ) | |
| vs. ) | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| CYNTHIA TAMPKINS, Warden, ) | |
| Respondent. ) | |

On July 31, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. Petitioner's filing suffers from the following deficiencies:

1. Petitioner did not date or sign the Petition on page 8. Thus, the Petition is not properly verified, as required by 28 U.S.C. § 2242, Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts, and Central District of California Local Rule 83-16.2.[1]

2. Petitioner apparently raised three issues on direct

---

[1] Petitioner also did not sign or date the Application for Leave to Proceed In Forma Pauperis that he submitted with his Petition, and therefore it too is deficient.

1

appeal: judicial misconduct, juror misconduct, and custody credits. Petitioner's claim as to the custody credits was not opposed, and the appellate court corrected his sentence accordingly. Petitioner has listed five claims in his federal Petition (Pet. at 5-6), and he attaches documents that seem to raise even more. Petitioner states in the federal Petition that he did not file any state habeas petitions. (Pet. at 3.) Of course, Petitioner may raise only claims that he has already presented to the state courts. See Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982). Accordingly, unless Petitioner files a state habeas petition to exhaust any new claims, he may raise in his federal Petition only his judicial misconduct and juror misconduct claims. (Although Petitioner has listed five separate claims in the Petition, they do appear to all be generally related to the two claims he raised on direct appeal.)

    3.    The Petition appears to be time barred. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in

violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final 90 days after the state supreme court denied review, on December 15, 2010 - that is, on March 15, 2011. (In the Petition, Petitioner states that review was denied on October 14, 2010. (See Pet. at 3.) But the Court's review of the California Appellate Courts' Case Information website indicates that review was denied on December 15, 2010.) See Merolillo v. Yates, 663 F.3d 444, 454 n.5 (9th Cir. 2011). Thus, Petitioner had until March 15, 2012, to file his federal Petition. Petitioner did not file the Petition until July 31, 2012, more than four and a half months later.

From the face of the Petition, it does not appear that

Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B), (C) or (D). No basis for statutory tolling under § 2244(d)(2) appears to exist, as Petitioner apparently did not file any state habeas petitions. (Pet. at 3.)

Under certain circumstances, a habeas petitioner may be entitled to equitable tolling, see Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010), but only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way," see Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). Petitioner has not even attempted to provide any basis for equitable tolling.

For the foregoing reasons, the Petition is dismissed with leave to amend. If Petitioner still desires to pursue this action, he is ordered to file an Amended Petition correcting the deficiencies identified above on or before **September 3, 2012**.

The Amended Petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. Petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that this action be dismissed for failure to prosecute.

DATED: August 3, 2012

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE