


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN RAYVAN JOHNSON, | Case No. CV 12-6620-DDP (JPR) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| CYNTHIA TAMPKINS, Warden, | |
| Respondent. | |

On July 31, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. On August 3, 2012, the Court dismissed the Petition with leave to amend because it suffered from three deficiencies: (1) Petitioner did not date or sign the Petition; (2) the Petition appeared to include unexhausted claims; and (3) the Petition appeared to be time barred. On September 5, 2012, Petitioner filed a First Amended Petition. The FAP is signed and dated, so Petitioner has corrected the first deficiency. He also appears to have clarified that he intends to raise in the Petition only those claims he raised on direct appeal. (See FAP at 5 (noting "See Attachment" for grounds raised and attaching opening brief on

1

appeal).)

Petitioner has not adequately demonstrated, however, that the FAP is not time barred.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final 90 days after the state supreme court denied review, on December 15, 2010 - that is, on March 15, 2011. See Merolillo v. Yates, 663 F.3d 444, 454 n.5 (9th Cir. 2011), pet. for cert. filed, 80 U.S.L.W. 3565 (U.S. Mar. 5, 2012) (No. 11-1094). (In the FAP, Petitioner states that review was denied on October 14, 2010. (See FAP at 3.) But the Court's review of the California Appellate Courts' Case Information website indicates that review was denied on December 15, 2010.) Thus, Petitioner had until March 15, 2012, to file his federal Petition. Petitioner did not file the Petition until July 31, 2012, more than four and a half months late, and he did not constructively file the FAP until August 29, 2012, more than five and a half months late.

No basis for statutory tolling under § 2244(d)(2) appears to exist, as Petitioner apparently did not file any state habeas petitions. (FAP at 3.) Petitioner has attached to the FAP documents that are perhaps intended to show some entitlement to equitable tolling. As the Court explained to Petitioner in its Order dismissing the Petition with leave to amend, under certain circumstances, a habeas petitioner may be entitled to equitable tolling, see Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010), but only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way," see Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed.

2d 669 (2005).

Petitioner has attached to the FAP letters from his attorney on direct appeal, notifying him of the state courts' decisions. Those letters show no entitlement to equitable tolling, however. Indeed, in the December 20, 2010 letter letting Petitioner know that the state supreme court had denied his petition for review, his attorney explains, in bolded lettering, that he must file any federal habeas petition "by one year and 90 days after the date of the decision, which was December 15, 2010."

Petitioner also attaches, without explanation, what appear to be four months of prison library schedules. But the earliest such schedule Petitioner has attached is from April 2012, and Petitioner's statute of limitations expired in March 2012. Thus, those schedules can have no bearing on whether he is entitled to some equitable tolling. Moreover, the schedules seem to indicate that he had at least some access to the prison law library, and only complete lack of access to a law library will generally entitle a prisoner to equitable tolling. Cf. <u>Ramirez v. Yates</u>, 571 F.3d 993, 998 (9th Cir. 2009) (complete lack of access to legal files might justify equitable tolling); <u>Chaffer v. Prosper</u>, 592 F.3d 1046, 1049 (9th Cir. 2010) (prisoner's pro se status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions not extraordinary circumstances "given the vicissitudes of prison life").

IT THEREFORE IS ORDERED that on or before **October 9, 2012**, Petitioner show cause in writing, if he has any, why the Court should not recommend that this action be dismissed with prejudice

4

because it is untimely. If Petitioner does intend to rely on the equitable tolling doctrine, he must include with his response to the Order to Show Cause any additional evidence he has demonstrating that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way" of timely filing his federal Petition.

DATED: September 12, 2012

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE