O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

BRIAN RAYVAN JOHNSON,    ) Case No. CV 12-6620-JPR
                               )
           Petitioner, )
                               ) MEMORANDUM OPINION AND ORDER
       vs.            ) DENYING FIRST AMENDED PETITION
                               ) AND DISMISSING ACTION WITH
CYNTHIA TAMPKINS, Warden,  ) PREJUDICE
                               )
          Respondent. )
                               )

## BACKGROUND

On July 31, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. On August 3, 2012, the Court dismissed the Petition with leave to amend because it suffered from three deficiencies: (1) Petitioner did not date or sign the Petition; (2) the Petition appeared to include unexhausted claims; and (3) the Petition appeared to be time barred. On September 5, 2012, Petitioner filed a First Amended Petition. The FAP was signed and dated, so Petitioner had corrected the first deficiency. He also appeared to have clarified that he intended to raise only those claims he had raised on direct appeal. (See FAP at 5 (noting "See Attachment"

1

for grounds raised and attaching opening brief on appeal).)
Petitioner had not adequately demonstrated, however, that the FAP
was not time barred.  Accordingly, on September 12, 2012, the
Court ordered Petitioner to show cause in writing no later than
October 9 why the FAP should not be dismissed as untimely.  On
October 5, 2012, Petitioner filed a Response to the Order to Show
Cause.  On October 11, 2012, the Court ordered Respondent to file
a reply to Petitioner's Response, which she did on October 30.
The parties have consented to the jurisdiction of the undersigned
judge.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA"), see 28 U.S.C. § 2244(d):

> (1)  A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became
> final by the conclusion of direct review or the
> expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to
> filing an application created by State action in
> violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented
> from filing by such State action;
>
> (C)  the date on which the constitutional
> right asserted was initially recognized by the
> Supreme Court, if the right has been newly

2

1  recognized by the Supreme Court and made
2  retroactively applicable to cases on collateral
3  review; or

4      (D) the date on which the factual predicate
5  of the claim or claims presented could have been
6  discovered through the exercise of due diligence.

7      (2) The time during which a properly filed
8  application for State post-conviction or other collateral
9  review with respect to the pertinent judgment or claim is
10  pending shall not be counted toward any period of
11  limitation under this subsection.

12  Petitioner does not dispute that his conviction became final
13  on March 15, 2011, 90 days after the state supreme court denied
14  review, on December 15, 2010. See Merolillo v. Yates, 663 F.3d
15  444, 454 n.5 (9th Cir. 2011), cert. denied, 80 U.S.L.W. 3565
16  (U.S. Oct. 1, 2012) (No. 11-1094).[1]  Nor does he contend that he
17  is entitled to a later trigger date for any reason.  Thus,
18  Petitioner had until March 15, 2012, to file his federal
19  Petition.  Petitioner did not file the Petition until July 31,
20  2012, four and a half months late, and he did not constructively
21  file the FAP until August 29, 2012, five and a half months late.

22  No basis for statutory tolling under § 2244(d)(2) exists, as
23  Petitioner apparently did not file any state habeas petitions.
24  (FAP at 3.)  Petitioner has attached to the FAP and his Response

25

26
27      [1] In the FAP, Petitioner states that review was denied on
   October 14, 2010.  (See FAP at 3.)  But the Court's review of the
28  California Appellate Courts' Case Information website indicates
   that review was denied on December 15, 2010.

1  to the OSC documents that he argues show his entitlement to
2  equitable tolling.  (Response at 3.)  As the Court explained to
3  Petitioner in its Order dismissing the Petition with leave to
4  amend and in the OSC, under certain circumstances, a habeas
5  petitioner may be entitled to equitable tolling, see Holland v.
6  Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130
7  (2010), but only if he shows that (1) he has been pursuing his
8  rights diligently and (2) "some extraordinary circumstance stood
9  in his way," see Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.
10 Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).

11      Petitioner cannot show either.  He attached to the FAP
12 letters from his attorney on direct appeal, notifying him of the
13 state courts' decisions.  In the December 20, 2010 letter letting
14 Petitioner know that the state supreme court had denied his
15 petition for review, his attorney explained, in bolded lettering,
16 that he must file any federal habeas petition "**by one year and 90**
17 **days after the date of the decision, which was December 15,**
18 **2010.**"  (FAP at 133.)[2]  Thus, even though Petitioner complains
19 that he is a layman without any understanding of the law
20 (Response at 1), he was on clear notice that he had to file his
21 federal Petition no later than March 15, 2012.

22      Petitioner claims that he was unable to do so because he did
23 not have any law-library access during which he could complete
24 the Petition.  He states that his work assignment conflicted with

---

26
27      [2] Petitioner did not number the documents he attached to his
28 FAP or his Response to the OSC.  Accordingly, the Court has used
   the pagination provided by the Court's Case Management/Electronic
   Court Filing system.

the hours his facility was provided law-library access, and thus
he had to go to work instead of the library or "be considered as
a program failure and be disciplined accordingly." (Response at
2.)  The problem is that the documents Petitioner has submitted
appear to show that as of <u>mid-December 2011</u> he was assigned to a
work crew that had Sundays and Mondays, when the library was
closed, off and worked during the times the library was available
to those in his group.  (Response at 4-11.)  But even if the
Court credits all the evidence Petitioner has provided, his
showing falls short of demonstrating entitlement to the necessary
four and a half months of tolling (or more, if the filing of his
original unverified Petition is not the operable date but rather
the filing of the FAP).  Petitioner's AEDPA deadline was March
15, 2012.  It's unclear which group Petitioner was in in terms of
access to the law library, but it appears to have been either A
(his work and privilege group) or B (his housing unit).
(Response at 4.)  The documents he has submitted show that
because of his job, he would not have had any library access in
January or February 2012 if he was in group B and would have been
able to go only on Tuesday, February 28, for three evening hours
if he was in group A.  (Response at 6-7.)  For March 1 through
14, 2012, leading up to his March 15 due date, he would not have
been able to access the library at all if he was in group A and
would have been able to go on two evenings, March 6 and 13, if he
was in group B.  Even giving Petitioner every benefit of the
doubt and assuming that he would be entitled to equitable tolling
for the two and a half months from January 1 to March 15, 2012,
his Petition was still at least two months late.  The calendars

1  show that both group A and group B had access to the law library
2  several evenings in late March and throughout April and May 2012.
3  (Response at 8-10.)  Thus, even under the most generous of
4  calculations, he would not have been entitled to any further
5  tolling.  And Petitioner has submitted no evidence to show that
6  he lacked library access before he began his current job, in mid-
7  December 2011.[3]

8       Because he had at least some access to the prison law
9  library during the relevant period, his claim fails.  Cf. Ramirez
10 v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (complete lack of
11 access to legal files might justify equitable tolling); see Hall
12 v. Warden, 662 F.3d 745, 752 (6th Cir. 2011) (holding that
13 petitioner's lack of access to trial transcripts coupled with
14 pro se status and limited access to law library insufficient to
15 warrant equitable tolling), cert. denied, 81 U.S.L.W. 3164 (U.S.
16 Oct. 1, 2012) (No. 11-10643).  Nor is Petitioner entitled to
17 equitable tolling simply because he didn't understand the law
18 himself and needed help from a fellow prisoner.  (Response at 1);
19 see Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010)
20 (prisoner's pro se status, law library missing a "handful" of
21 reporter volumes, and reliance on inmate helpers who were
22 transferred or too busy to attend to his petitions not
23 extraordinary circumstances "given the vicissitudes of prison
24 life"); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)
25
26
27      [3] Petitioner did not submit the library calendar for December
   2011.  Because as explained herein his Petition is at least two
28 months late, an extra half-month of tolling would not make a
   difference in the outcome of the case.

(pro se petitioner's lack of legal sophistication insufficient).

For all these reasons, Petitioner is not entitled to enough equitable tolling to render the FAP (or the original Petition) timely.

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered denying the First Amended Petition and dismissing this action with prejudice.

DATED: November 5, 2012

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE